**Nicholas J. Henderson, OSB #074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Proposed Attorneys for Vahan M. Dinihanian, Jr.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>15005 NW CORNELL LLC; and<br>VAHAN M. DINIHANIAN, JR.,<br><br>　　　　　　　　　Debtors. | Bankruptcy Case Nos.<br><br>19-31883-dwh11 (Lead Case)<br>19-31886-dwh 11<br><br>Jointly Administered Under Case No.<br>19-31883-dwh11<br><br>DECLARATION OF VAHAN DINIHANIAN JR. |

I, Vahan M. Dinihanian, Jr. hereby declare the following under penalty of perjury:

1. I am the Debtor in Bankruptcy Case No. 19-31886-pcm11. I am also the sole manager of 15005 NW Cornell LLC. ("*15005 LLC*"), which is the Debtor in Bankruptcy Case No. 19-31883-dwh11.

2. I make this declaration based on personal knowledge, and would testify to the same if called to do so.

3. 15005 LLC is two member Oregon limited liability company. Eagle Holdings, LLC is one member of 15005 LLC, holding a 50% of the outstanding membership interest in the

Page 1 of 7   DECLARATION OF VAHAN M. DINIHANIAN, JR.

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00376377:2}

Case 19-31883-dwh11    Doc 254    Filed 07/14/20

LLC. The other member is the Sonja Dinihanian GST Trust DTS 1/1/11 (the "**Trust**"). 15005 LLC owns as tenant-in-common a fifty percent interest in approximately 38 acres of unimproved property located at 15005 NW Cornell Road, Beaverton, Oregon (the "**Cornell Property**").

4. The Cornell Property is currently the subject of a partition action pending in Circuit Court of the State of Oregon for the County of Washington (15005 NW Cornell, LLC vs Cornell Rd, LLC, et al., Case No. 18CV17059), involving limited liability companies owned or controlled by my sister, Lilian Logan, and her children. Evidence adduced in the partition action indicates the Property holds a value sufficient to pay all of my creditors, and 15005 LLC's creditors, in full. Prior to the completion of the partition action, however, borrowing against or selling the Property is not feasible.

5. The Cornell Property was also the subject of a nonjudicial foreclosure proceeding initiated by my former spouse, Tasha Teherani-Ami, pursuant to a deed of trust executed in connection with the General Judgment of Dissolution of Marriage, dated February 1, 2016 (the "**Divorce Judgment**"), entered in Multnomah County Circuit Court Case Number 1208-68730 (the "**Divorce Case**").

6. Ms. Teherani-Ami also initiated a non-judicial foreclosure proceeding against my personal residence at 237 NW Skyline Dr., Portland, Oregon. Ms. Tehrani-Ami held a second-position deed of trust against my personal residence, and a first-position deed of trust against the Cornell Property, to secure payment of the money award granted to her under the Divorce Judgment in the amount of $2.25 million, which was due January 6, 2019.

7. Additionally, the Divorce Judgment contained a provision by which I was to cause 15005 LLC to transfer one-half of its interest in the Cornell Property to the Trust, to redeem the Trust's 50% membership interest in 15005 LLC. It is my understanding that 15005

Page 2 of 7   DECLARATION OF VAHAN M. DINIHANIAN, JR.

{00376377:2}

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 254    Filed 07/14/20
Doc ID: a0c32097e036e0e731633a814d0e8b55e6aa7f81

LLC was not a party to the divorce case. Additionally, it is my understanding that 15005 LLC did not receive any consideration in exchange for the purported obligation to transfer of half of the LLC interest in the Cornell Property or for the first-position deed of trust encumbrance on the Cornell Property granted to Ms. Teherani-Ami.

8. In addition to the scheduled foreclosure sales, Ms. Tehrani-Ami had also filed a motion in the Divorce Case seeking to have me held in contempt for failing to sign and deliver a deed to transfer half of 15005 LLC's interest in the Cornell Property to the Trust. My refusal to sign and deliver the deed was based on a variety of concerns I had about the transfer. Such concerns included the fact that Ms. Tehrani-Ami had, in my mind, an impermissible conflict of interest between her status as trustee of the Trust while simultaneously holding and foreclosing, in her personal capacity, a lien against the Cornell Property. This conflict of interest caused me great concern, as my intentions have always been to preserve my assets for the benefit of my daughter, who is the sole non-contingent beneficiary of the Trust.

9. A hearing on Ms. Tehrani-Ami's motion for contempt was scheduled to be held on May 22, 2019. Ms. Tehrani-Ami's scheduled foreclosures of the Cornell Property and my personal residence were scheduled approximately a month after that. I had tried to negotiate a resolution with Ms. Tehrani-Ami, and had requested more time. However, when a resolution could not be reached, I elected to file Chapter 11 petitions for myself personally and, in my role as manager, for 15005 LLC.

10. My intentions in filing bankruptcy were to preserve the significant value of the Cornell Property, and to preserve my home property, both of which I inherited from my family. Additionally, I filed bankruptcy to preserve my livelihood, as I operate my business from my residence address. As manager of 15005 LLC, I authorized the company to file Chapter 11 to

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

prevent foreclosure of the Cornell Property, to preserve the significant value of the property, and to prevent the transfer of half of the LLC's assets without any consideration being paid to the LLC. Splitting Cornell LLC's ownership of the Cornell Property with the Trust at that late stage of the partition litigation would have undermined the progress toward an even partition.

11. When I signed the bankruptcy petition for 15005 LLC, I neglected to properly list my actual title as manager of the LLC. I listed "member," instead of manager. This was an oversight. At all times I intended to authorize the filing of the LLC's bankruptcy case as manager of the LLC. I believe I have the requisite authority under the LLC's operating agreement to cause the LLC to file bankruptcy. As a precaution, I have executed an amended petition listing me as the manager of the LLC, to demonstrate that I intended to authorize the filing in the first place, and to demonstrate that, to the extent there is any doubt about my intentions, I have ratified the filing for the LLC.

12. After filing the bankruptcy petitions, I also worked with counsel to prepare schedules and statement of financial affairs for both cases. My finances are somewhat complicated, as I indirectly own various single-purpose entities through my holding company, Eagle Holdings, LLC ("*Eagle*"). Eagle is an Oregon limited liability company. I hold 100% of the membership interest in Eagle. In turn, Eagle holds the membership interests of various other entities that I manage and control. Those entities own real property that generates income from commercial and residential rental activities. Although I do not hold a direct interest in these entities, in the interest of full disclosure, I listed all of these entities on my personal bankruptcy Schedules, in an attachment to Schedule A/B. *See* Case No. 19-31886-dwh11; Docket No. 29.

13. In addition to the Cornell Property and my residence, I also inherited a 50% interest in a cabin that has been owned by my family, located at 27105 E. Riverwood, Welches,

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00376377:2}

Case 19-31883-dwh11    Doc 254    Filed 07/14/20
Doc ID: adc32097e036e0e731633a814d0e8b55e6aa7f81

Oregon. The other co-owner of the cabin property is my sister, Lillian Logan. After the filing of my schedules, it was brought to my attention that my ownership interest in the family cabin was not disclosed on my schedules. It was not my intention to conceal or omit the cabin from my schedules. This was an inadvertent oversight on my part. I was so focused on making sure I had completely disclosed my various business entities, that I had overlooked a significant asset during my review of the schedules. It was not an effort to hide the asset from the Court or my creditors, in fact, the primary participants in these cases are well aware of the cabin's existence.

14. During the pendency of this case, I caused one of the entities I indirectly own—2275 W Burnside LLC—to refinance its mortgage debt that was set to mature. I had personally guaranteed the maturing loan, so I was at risk of being in default unless the mortgage debt was refinanced. I regularly sign guarantees for mortgage debts owed by the various entities I manage and indirectly own, so I did not think anything was special about signing this guaranty. Additionally, it was my understanding that the various "non-debtor" entities were not restrained by the bankruptcy filings, so I did not think it would be impermissible to refinance the LLC's mortgage debt. I intended to essentially continue my preexisting personal guaranty obligation and had no intention to ignore the rules while trying to reorganize in bankruptcy.

15. During the pendency of this case, I was involved in the sale of a motorcycle. Specifically, I restored and sold a 1930 Indian that I had purchased for Eagle Holdings, LLC. As part of Eagle's business activities, I regularly purchase, restore and sell classic motorcycles for profit. In this instance, the 1930 Indian motorcycle was purchased with funds held in Eagle Holdings' accounts, and I also purchased parts using Eagle Holdings' funds. I performed the repairs and restoration myself, and sold the motorcycle for $50,000. The proceeds from the sale were deposited into Eagle Holdings' bank account. The estimated profit on the 1930 Indian

Page 5 of 7    DECLARATION OF VAHAN M. DINIHANIAN, JR.

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00376377:2}

Case 19-31883-dwh11    Doc 254    Filed 07/14/20
Doc ID: a0c32097e036e0e731633a814d0e8b55e6aa7f81

motorcycle was approximately $12,000. Although I had titled the motorcycle in my personal name, I considered the motorcycle to be the property of Eagle Holdings, LLC, because the funds used to purchase the motorcycle and its parts belonged to Eagle Holdings.

16. Another part of Eagle's business operations is the rental of two residential units on my property on Skyline. I conduct Eagle's business at my property, and I designate leased space to Eagle at my property. This includes the residential units. The residential units pay rent to Eagle Holdings, and I, in turn, receive compensation from Eagle Holdings. The LLC also pays expenses related to the maintenance of the property. I have disclosed all compensation received personally from Eagle since the commencement of these bankruptcy cases, and I have filed bank statements with my monthly operating reports reflecting all of the income received from Eagle.

17. My intentions in these two cases are to repay my debts in full, but to preserve as much value as possible for myself and my daughter. It is my opinion that foreclosure sale of the Cornell Property would be disastrous for both myself and the Trust, as the value of the Property would be reduced significantly by such a forced sale and substantial equity would be lost for the owners of 15005 LLC. I selected the bankruptcy forum to preserve these equity values and to obtain the time to pay and restructure debts I and 15005 LLC owe.

18. As the manager of 15005 LLC, my objective in the partition litigation has been to obtain a partition. Although 15005 LLC prevailed in that central objective, I do believe Oregon law entitles 15005 LLC to an immediate partition and not one delayed over months of entitlement work with the county. It has been my openly expressed intention to return to the partition forum during the pendency of these bankruptcy cases, although that intention has been set aside due to objections to the employment of partition counsel.

Page 6 of 7    DECLARATION OF VAHAN M. DINIHANIAN, JR.

{00376377:2}

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 254    Filed 07/14/20
Doc ID: a0c32097e036e0e731633a814d0e8b55e6aa7f81

19. From the beginning of these bankruptcy cases, it has been my intention to repay all valid claims in full, including the Divorce Judgment. To that end, I have worked with Sortis Capital ("*Sortis*") to obtain a commitment for financing in the form of a "debtor in possession loan" that would be used to fund all estate expenses, and a "plan loan" that would be used to fund a Plan of Reorganization develop the Cornell Property. Sortis is still willing to provide debtor-in-possession financing to fund expenses during the pendency of these bankruptcy cases. It is also still willing to provide financing that would fund a Plan of Reorganization pursuant to which my creditors and 15005 LLC's creditors will be paid in full.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND UNDERSTAND THAT IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY OF PERJURY IN THE STATE OF OREGON.

Dated: July 13, 2020,

By: *[signature]*
Vahan M. Dinihanian, Jr., Declarant

Page 7 of 7   DECLARATION OF VAHAN M. DINIHANIAN, JR.

{00376377:2}

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 254    Filed 07/14/20

Doc ID: a0c32097e036e0e731633a814d0e8b55e6aa7f81